# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2020, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Linda L. Harris
Kentland, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Ray Struble, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 16, 2020 <br><br> Court of Appeals Case No. 20A-CR-147 <br><br> Appeal from the Jasper Superior Court <br><br> The Honorable Russell D. Bailey, Judge <br><br> Trial Court Cause No. 37D01-1904-F4-294 |

**Pyle, Judge.**

# Statement of the Case

Steven Struble ("Struble") appeals the advisory sentence imposed after he pled guilty to Level 4 felony sexual misconduct with a minor.[1] Struble argues that: (1) the trial court abused its discretion when it sentenced him; and (2) his sentence is inappropriate. Concluding that the trial court did not abuse its discretion and that his sentence is not inappropriate, we affirm Struble's sentence.

We affirm.

# Issues

1. Whether the trial court abused its discretion when it sentenced Struble.
2. Whether Struble's sentence is inappropriate.

# Facts

During the summer of 2018, twenty-one-year-old Struble met fifteen-year-old A.Y. ("A.Y.") through A.Y.'s mother's boyfriend, Tyler Holloway ("Holloway"). Struble and Holloway spent time together working at A.Y.'s mother's house. On occasion, Struble spent the night after working late.

---

[1] IND. CODE § 35-42-4-9.

[4] At some point, Struble and A.Y. exchanged contact information and began to communicate with each other. In August 2018, Struble and A.Y. began to secretly date and have sexual intercourse. Struble, who was aware of A.Y.'s age based upon prior conversations, told A.Y. that it was okay to have sex because he trusted her. Whenever Struble spent the night, he waited until A.Y.'s mother fell asleep before he entered A.Y.'s bedroom and had sex with her.

[5] Eventually, A.Y. told her school counselor that she had been having sex with Struble. The counselor informed the Department of Child Services ("DCS") what A.Y. had reported, and DCS contacted law enforcement. During an investigation by the Rensselaer Police Department in October 2018, Struble admitted that: he had stayed the night at A.Y.'s home after one of Holloway's races; he went to A.Y.'s bedroom; and they had sexual intercourse.

[6] In April 2019, the State charged Struble with Level 4 felony sexual misconduct with a minor. Pursuant to a plea agreement, Struble pled guilty as charged. In exchange, the parties agreed to argue the sentence length with a cap of six years. At the ensuing sentencing hearing, the trial court noted Struble's criminal history, which includes a juvenile adjudication for battery and a conviction for Class A Misdemeanor furnishing alcohol to a minor, but found that the prior offenses "somewhat offset each other[.]" (Tr. Vol. 2 at 21). The trial court then explained:

> [I]t's understandable the uh, defendant is, is a young man and uh, got a long life ahead of him. And uh, the uh – I do believe based

on the – the uh, that some measure should be accorded to the fact that he did take responsibility um, for his actions. And uh, and he has been uh, compliant up to this point uh, with uh, his requirements that have been imposed on him uh, Pre-Trial. Um, but at the same time, uh, the seriousness of the offense um, would – I would, I would say based on the seriousness of the offense, the – the 6 years is uh, is an adequate uh, sentence.

(Tr. Vol. 2 at 21). Thereafter, the trial court sentenced Struble to the advisory sentence for a Level 4 felony, six (6) years in the Department of Correction with two (2) years suspended to probation. Struble now appeals.

# Decision

[7] On appeal, Struble contends that: (1) the trial court abused its discretion when it sentenced him; and (2) his sentence is inappropriate. We will review each argument in turn.

## 1. Abuse of Discretion

[8] Struble contends that the trial court abused its discretion when it sentenced him on his Level 4 felony conviction. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion in a number of ways, including: (1) failing to

enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91.

[9]     Struble argues that the trial court abused its discretion because it "failed to enter a sentencing statement[.]" (Struble's Br. 9). However, INDIANA CODE § 35-38-1-1.3 provides that "[a]fter a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes *unless the court imposes the advisory sentence for the felony*." (Emphasis added). Here, Struble was convicted of Level 4 felony sexual misconduct with a minor. The sentencing range for a Level 4 felony is "for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." I.C. § 35-50-2-5.5. The trial court sentenced Struble to the advisory sentence of six (6) years and suspended two (2) years to probation. Because the trial court sentenced Struble to the advisory sentence for his felony conviction, it was not required to issue a sentencing statement. *See* I.C. § 35-38-1-1.3. Therefore, the trial court did not abuse its discretion when it sentenced Struble.[2]

---

[2] Struble also argues that it is unclear whether the trial court considered his guilty plea as a mitigating factor. We disagree. At the sentencing hearing, the trial court stated that "some measure should be accorded to the fact that [Struble] did take responsibility um, for his actions." (Tr. Vol. 2 at 21). Based upon the record, it is unlikely that the trial court failed to consider Struble's guilty plea as a mitigator.

## 2. Inappropriate Sentence

Struble next contends that his six-year sentence with two years suspended to probation is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

When determining whether a sentence is inappropriate, the advisory sentence is the starting point that the General Assembly has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. As explained above, the trial court sentenced Struble to six (6) years, which is the advisory sentence. We further note that "a defendant bears a particularly heavy burden

in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. On appeal, Struble has not met the particularly heavy burden he faces.

[12] Turning to the nature of Struble's offense, this Court has recognized that the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, Struble secretly dated fifteen-year-old A.Y. Whenever Struble spent the night, he waited until A.Y.'s mother fell asleep to enter A.Y.'s room and had sex with her. Struble's sentence is not inappropriate in light of the nature of his offense.

[13] When considering the character of the offender, we recognize, as the trial court did, that Struble was twenty-one, took responsibility, and was compliant with pretrial release. However, Struble secretly dated and had sex with a fifteen-year-old girl on multiple occasions. He knew she was underage, and he manipulated her into thinking it was okay for her to have sex with him. Furthermore, Struble has one prior adult conviction for Class A Misdemeanor furnishing alcohol to a minor, which reflects poorly on his character. *See Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014) (holding that even a minor criminal record reflects poorly on a defendant's character). Indeed, Struble's character seems to be punctuated with an inability to recognize what constitutes appropriate contact with minors.

[14]     Accordingly, Struble has failed to persuade us that the nature of his sexual misconduct with a minor offense or his character makes his six-year sentence with two years suspended to probation inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[15]     Affirmed.


Bradford, C.J., and Baker, J., concur.